United States District Court
Southern District of Texas
**ENTERED**
December 21, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAFAEL ALANIS, | § § § § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-25-1425 |
| WALMART, INC., | § § § | |
| Defendant. | § § § § | |

**MEMORANDUM AND OPINION**

For the reasons set out at the conference on December 16, 2025, this civil action is dismissed with prejudice. As the court explained, this premises liability case[1] concerns a single light-colored cherry that fell out of a customer's basket and dropped onto the light gray floor for less than three minutes before the plaintiff, Rafael Alanis, slipped and fell on the fruit.

"To prevail on a premises liability claim under Texas law, a plaintiff must establish: '(1) that [the defendant] had actual or constructive knowledge of some condition on the premises; (2) that the condition posed an unreasonable risk of harm to [the plaintiff]; (3) that [the defendant] did not exercise reasonable care to reduce or to eliminate the risk; and (4) that [the defendant's] failure to use such care proximately caused [the plaintiff's] personal injuries.'" *Barron v. United States*,

---

[1] Although there are also claims for negligence, Alanis's pleading is a classic presentation of a premises liability claim, not a negligent activity claim. (Docket Entry No. 1-2). He cannot proceed with both. *See, e.g.*, *Rooney v. Costco Wholesale Corp.*, No. 4:19-cv-04536, 2021 WL 5155677, at *2 (S.D. Tex. June 4, 2021) (concluding, in a slip-and-fall case, that the plaintiff's allegations that the defendant failed to make the property safe "are claims of nonfeasance and allow for recovery only under a liability theory of premises liability, not negligent conduct").

111 F.4th 667, 672 (5th Cir. 2024) (alterations in original) (quoting *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017)).  A plaintiff satisfies the knowledge element "by showing that (1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substances was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it, also known as 'constructive knowledge.'"  *Gonzalez v. Walgreen Co.*, 140 F.4th 663, 669 (5th Cir. 2025) (quoting *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 358 (5th Cir. 2017)).

The video surveillance footage shows that Walmart did not place the cherry on the floor, did not actually know that the cherry was on the floor, and did not have constructive knowledge that the cherry was on the floor. (Docket Entry No. 25-2).  Although a Walmart employee walked near the fallen cherry and may have stepped on it, the video surveillance footage does not show that the employee noticed the fruit.  Rather, she waved to another employee and continued walking toward her destination without ever looking down or otherwise indicating that she realized she had stepped on or near a small piece of light-colored fruit.  (*Id.*).  The cherry was on the floor for too little a period of time to allow an inference that Walmart had constructive, much less actual, knowledge of its presence.  *Robbins v. Sam's East, Inc.*, No. 21-20050, 2021 WL 3713543, at *2 (5th Cir. Aug. 20, 2021) ("An inconspicuous hazard that has existed for longer than ten minutes has been considered to be legally insufficient to show constructive knowledge.").  The video footage does not show that there was any other substance on which Alanis could have slipped. While he fell near a water jug display, those jugs were closed and there is no evidence of water on the floor. (Docket Entry No. 25-2).  There is also no evidence to support Alanis's argument that Walmart's typical self-service checkout setup created an unusually high and foreseeable risk of falls.

The motion for summary judgment is granted.  Final judgment will be entered separately.

SIGNED on December 19, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge